# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                                              Case No. 14-CV-1579

GGNSC HOLDINGS, LLC, et al.,

    Defendants.

## ORDER

On January 29, 2015, the Equal Employment Opportunity Commission (EEOC) filed an amended complaint against defendants GGNSC Holdings, LLC, and Silver Spring Operating, LLC. (ECF No. 4.) The amended complaint alleges that the defendants' discriminated against a former employee, Juanette Barbee, in violation of the Americans with Disabilities Act of 1990 (ADA). (ECF No. 4 at 3.) On June 26, 2015, the EEOC moved for leave to file a second amended complaint, seeking to add a third defendant to this action, GGNSC Administrative Services, LLC. (ECF No. 29 at 3.)

Once a responsive pleading is filed, a plaintiff may only amend its complaint if either the defendant consents in writing or the court grants leave to amend. Fed. R. Civ.

P. 15(a)(2). This rule "reflects a liberal attitude towards the amendment of pleadings." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). "[C]ourts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848–49 (7th Cir. 2002)). An amendment is futile if it would not survive summary judgment. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007).

The defendants have not consented to the second amendment and contend that a second amended complaint would be futile. They assert that, because Barbee did not name GGNSC Associated Services in her charge of discrimination (a point the EEOC does not dispute), it cannot be a defendant in this action.

It is true that as a general rule a party not named in the charge may not be sued by the EEOC under the ADA. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989); *see also* 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5(e)–(f)). However, that rule has at least two notable exceptions designed to avoid unduly harsh results when a layperson, such as Barbee, prepares the charge. *Wilke v. Bob's Route 53 Shell Station*, 36 F. Supp. 2d 1068, 1071 (N.D. Ill. 1999). The first exception, known as the "actual notice exception," *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 483 n.6 (5th Cir. 2014), applies when the "unnamed party has been provided with adequate notice of the

2

charge, [and] the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981)). The second exception, known as the "identity-of-interest exception," *Simbaki*, 767 F.3d at 483 n.6, requires applying a four-prong test to determine whether the named party sufficiently represented the unnamed party's interests when negotiating possible conciliation, *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 908 (7th Cir. 1981); *see also Wilke*, 36 F. Supp. 2d at 1071.

The court cannot determine at this time whether either exception applies to GGNSC Administrative Services. More information is needed to clarify the relationship between GGNSC Administrative Services and the two defendants, GGNSC Holdings and Silver Spring Operating. Absent that information, the court cannot conclude that the amendment sought by the EEOC would be futile. Nor does the court find applicable any other basis for denying the EEOC leave to amend the complaint a second time. *See* Fed. R. Civ. Pro. 15(a)(2). Specifically, the EEOC's amendment will not cause undue delay or undue prejudice to either defendant. Therefore, the EEOC's motion for leave to file a second amended complaint is granted.

In coming to this conclusion, the court recognizes that the deadline for the parties to amend their pleadings expired on June 1, 2015. (ECF No. 17.) However, the

other deadlines set in the scheduling order are still relatively far off. Defendants are not required to disclose their experts until November 1, 2015; dispositive and *Daubert* motions are not due until January 1, 2016; and the jury trial is not set to begin until nearly a year from now—July 11, 2016. (ECF No. 17.) If any party finds that the deadlines currently in place are now unreasonable, it may seek an extension.

Two other pending motions must be addressed. First, because the EEOC is granted leave to file a second amended complaint, its motion to strike affirmative defenses against its first amended complaint (ECF No. 13) is rendered moot and is denied without prejudice. Second, the EEOC's motion for leave to file a surreply to GGNSC Holding's motion to dismiss a party-defendant is unopposed (ECF No. 31 at 1 n.1), and, thus, is granted.

**IT IS THEREFORE ORDERED** that the plaintiff's Motion for Leave to File Surreply and Amended Complaint (ECF No. 29) is **granted**. The plaintiff shall file its second amended complaint on or before **August 5, 2015**. The plaintiff shall also file a surreply to defendants' Motion to Dismiss Party on or before **August 5, 2015**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Strike Affirmative Defenses under Federal Rule of Civil Procedure 12(f) (ECF No. 13) is **denied** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to for Leave to File Supplemental Authority in Support of Its Motion to Strike Defenses (ECF No. 22) is **denied** as moot.

Dated at Milwaukee, Wisconsin this 24th day of July, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge