# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

     v.                                Case No. 14-CV-1579

GGNSC HOLDINGS, LLC, et al.,

                Defendants.

## ORDER

On June 17, 2016, the court conducted a telephonic hearing with respect to the Expedited Non-Dispositive Motion to Compel (ECF No. 59) filed by the defendants, GGNSC Administrative Services, LLC ("Administrative Services"), GGNSC Holdings, LLC ("Holdings"), and Silver Spring Operating, LLC, d/b/a Golden LivingCenter—Silver Spring ("Silver Spring"). Appearing on behalf of plaintiff Equal Employment Opportunity Commission ("EEOC") were Attorney César J. del Peral and Attorney Jean P. Kamp, and appearing on behalf of the defendants were Attorney Charles M. Roesch and Andrew B. Millar. The court having been fully advised regarding the matter and having heard the argument of counsel issues the following order.

On May 13, 2016, defendants sent a Notice of Rule 30(b)(6) Deposition to the EEOC asking the EEOC to produce a representative to testify on its behalf on 22 specific topics. (ECF No. 59-2 at 4-6). On May 20, 2016, the EEOC served on the defendants its objections to the noticed deposition, stating that it would not produce a representative to testify on any of the topics. (ECF No. 59-3 at 1). The parties discussed the matter in a telephone call on May 24, 2016. The next day the EEOC sent a letter to counsel for the defendants confirming the parties' discussion and reiterating the bases for the EEOC's objections to defendants' deposition notice. (ECF No. 59-4 at 1-4).

On June 1, 2016, both parties filed motions for summary judgment. In support of its Motion for Partial Summary Judgment (ECF No. 54) the EEOC filed a Declaration of Rosemary Fox, Director of the Milwaukee Area Office of the EEOC (ECF No. 57). Ms. Fox's declaration contained factual statements regarding the parties to the initial EEOC charge, the parties encompassed by the "reasonable cause" finding of the EEOC, the parties involved in conciliation efforts, and the parties to whom notice of unsuccessful conciliation was issued. (ECF No. 57 at 1-3).

On June 2, 2016, counsel for defendants sent an e-mail to counsel for the EEOC requesting dates on which to depose Ms. Fox. (ECF No. 59-5 at 5). The EEOC refused to produce Ms. Fox for a deposition. (ECF No. 59-5 at 4). Counsel for the defendants and the EEOC made further attempts to resolve their differences but no resolution could be reached.

On June 6, 2016, defendants filed a Civil L.R. 7(h) Expedited Non-Dispositive Motion to Compel in which the defendants seek an order compelling the EEOC (a) to produce a designee to testify to the topics set forth in their Rule 30(b)(6) deposition notice, and (b) to produce Ms. Fox for a deposition. (ECF No. 59). Much of the proposed discovery is aimed at learning what facts the EEOC possesses that evidence that each of the defendants was named in the initial charge filed with the EEOC and that each of the defendants was provided with an opportunity to conciliate before being sued by the EEOC.

The EEOC objects to the defendants' discovery primarily on the ground that the information sought is subject to attorney-client, work-product, and/or deliberative process privileges. (ECF No. 59-3 at 2-7). It also argues that, on the issues of which entities were named in the initial charge and provided with an opportunity to conciliate, the facts are undisputed. To the extent the defendants contest that one or more of them were not named in the charge or provided with an opportunity to conciliate, and therefore are not properly named as defendants in this lawsuit, that is a question of law for the court to decide. There are no additional facts to be gleaned at a deposition of the EEOC or Ms. Fox.

The Federal Rules of Civil Procedure permit discovery regarding "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… ." Fed.R.Civ.P.26(b)(1). "Information within this scope of discovery

3

need not be admissible in evidence to be discoverable." Fed.R.Civ.P.26(b)(1). While the EEOC's standard responses to the deposition topics did include "unduly burdensome" protests, their proportionality argument was minimally advanced and did not constitute a principal or significant basis for their objections. Thus, the question is whether any of the discovery sought by the defendants is relevant and not protected from discovery by one or more of the privileges relied upon by the EEOC.

Several topics in the defendants' Rule 30(b)(6) deposition notice seek relevant, non-privileged information and are thus discoverable, with the following limitations.

**Topic 1**: Defendants may discover the factual bases of the EEOC's allegation in Paragraph 7 of the Second Amended Complaint that "defendant GGNSC Holding LLC has continuously been and is now a corporation doing business in the State of Wisconsin and has continuously had and does now have at least 15 employees."

**Topic 2:** Defendants may discover the factual bases of the EEOC's allegation in Paragraph 13 of the Second Amended Complaint that defendants "jointly operated a nursing home doing business as Golden LivingCenter—Silver Spring, located at 1300 West Silver Spring Drive in Glendale, Wisconsin."

**Topic 3:** While a sworn statement in the form of the Declaration of Rosemary Fox (ECF No. 57) will "usually suffice" to satisfy a conciliation inquiry, *see Mach Mining*, 135 S. Ct. 1645, 1656 (2015), her declaration refers imprecisely to "Golden Living" as the entity which the EEOC offered "the opportunity to remedy the discrimination practices

4

described in the [EEOC's] Determination." Golden Living is not an actual entity but apparently is the name by which Silver Spring does business. Defendants maintain that Holdings and Administrative Services are not "Golden Living" and never had an opportunity to conciliate with the EEOC in response to the discrimination charge filed by Ms. Barbee. While "nothing said or done [during conciliation]… may be… used as evidence in a subsequent proceeding," *Mach Mining* allows limited judicial review on whether conciliation was in fact attempted. 42 U.S.C. § 2000e-5; *Mach Mining*, 135 S. Ct. at 1656 ("… a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.*, statements made or positions taken) during those discussions."). Therefore, defendants may discover facts about the name(s) of the entity(ies) who participated in the conciliation efforts. Whether one or more of the defendants not named in the EEOC charge or an actual participant in the conciliation process is liable for the actions of another entity is a question of law. *See Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905-07 (7th Cir. 1981).

**Topic 4:** The EEOC has withdrawn the allegation that was the subject of Topic 4, obviating any need for the defendants to inquire as to the factual basis therefore.

**Topic 5:** Defendants may discover the factual bases of the EEOC's allegation in Paragraph 21 of the Second Amended Complaint that "the unlawful employment practices complained of above in paragraph 18 were done with malice or with reckless indifference to Ms. Roberts's federally protected rights."

**Topic 10:** Defendants may discover all of the facts reflecting any alleged discriminatory practices that the EEOC alleges Silver Spring has engaged in since May 1, 2012.

**Topic 11:** Defendants may discover all of the facts reflecting any alleged discriminatory practices that the EEOC alleges Administrative Services has engaged in since May 1, 2012.

**Topic 12:** Defendants may discover all of the facts reflecting any alleged discriminatory practices that the EEOC alleges Holdings has engaged in since May 1, 2012.

**Topic 13:** Defendants may discover any personnel policy in effect during the year 2012 applicable to the EEOC's employees regarding providing reasonable accommodations under the ADA.

**Topic 14:** Defendants may discover any personnel policy currently applicable to the EEOC's employees regarding providing reasonable accommodations under the ADA.

**Topic 15:** Defendants may discover any personnel policy in effect during the year 2012 applicable to the EEOC's employees regarding the interactive process under the ADA.

**Topic 16:** Defendants may discover any personnel policy currently applicable to the EEOC's employees regarding the interactive process under the ADA.

**Topic 20:** The court considers this inquiry subsumed within Topics 10-12.

**Topics 6-9, 17-19, and 21-22:** Defendants seek information that is either irrelevant or that is protected by the deliberative process privilege. Therefore their motion to compel testimony on those topics is denied.

With regard to the defendants' motion to compel the deposition of Rosemary Fox, defendants may depose her only to discover the factual bases underlying her declarations as to 1) the parties to the initial EEOC charge (¶s 4 and 5); 2) the parties encompassed by the "reasonable cause" finding of the EEOC (¶ 7), and 3) the parties who were offered the opportunity to engage in conciliation (¶ 10).

**IT IS THEREFORE ORDERED** that the defendants' motion to compel discovery is granted in part and denied in part. The EEOC shall produce a designee for a discovery deposition within a reasonable time from the date of this Order to testify to the topics as set forth above. The EEOC must also produce Rosemary Fox within a reasonable time from the date of this Order for questioning in compliance with the limitations set forth above.

Dated at Milwaukee, Wisconsin this 20th day of June, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge